UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

        Plaintiff,

v.                                                Case No:  8:14-cv-878-T-35AEP

JOHN DOE subscriber assigned IP
address 72.186.77.50,

        Defendant.
_____/

**ORDER**

This matter comes before the Court upon Plaintiff Malibu Media, LLC's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Dkt. No. 5). Plaintiff filed this action alleging direct copyright infringement against Defendant for unlawfully reproducing, distributing, and transmitting motion pictures for which Plaintiff holds the copyright.  (Dkt. No. 1.)  Although Plaintiff does not know Defendant's true identity, Plaintiff has identified the Internet Protocol ("IP") address from which the allegedly infringing activity occurred.  (Dkt. No. 1 at 2.)  By its motion, Plaintiff requests leave to issue a third-party subpoena to Defendant's Internet Service Provider ("ISP") to ascertain Defendant's true identity prior to the scheduling conference required under Federal Rule of Civil Procedure 26(f).  (Dkt. No. 5.)

Typically, absent a court order, a party may not seek discovery from any source prior to the Rule 26(f) scheduling conference.  Fed. R. Civ. P. 26(d)(1).  However, a court may allow expedited discovery prior to a Rule 26(f) scheduling conference upon a showing of good cause.  *Platinum Mfg. Int'l, Inc. v. Uninet Imaging, Inc.*, No. 8:08-cv-310-T-27MAP,

2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008).  Here, Plaintiff has established that it holds a copyright to several movies allegedly copied and distributed by Defendant through the use of a BitTorrent file distribution network (Dkt. No. 1, Ex. B) and that an initial forensic investigation revealed potential infringement of Plaintiff's rights in those works by Defendant as identified by his or her IP address  (Dkt. No. 1, Ex. A).  Plaintiff has also clearly identified the information sought through the requested discovery by providing Defendant's IP address as well as the most recent "hit date"[1] and time, city, state, title of the work, and file hash values associated with Defendant's IP address.  (Dkt. No. 1, Ex. A.)  Moreover, Plaintiff has shown that, despite the exercise of due diligence, no other method exists by which it can obtain Defendant's true identity (Dkt. No. 5, Ex. B) and that the information it seeks is time sensitive because ISPs do not retain user activity logs for an extended period of time (Dkt. No. 5 at 3).  *See also Arista Records, LLC v. Does 1-7*, No. 3:08-CV-18(CDL), 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008).  Thus, Plaintiff has shown good cause to issue a third-party subpoena prior to the Rule 26(f) scheduling conference.

Accordingly, after due consideration, it is hereby

ORDERED:

1.  Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Dkt. No. 5) is GRANTED.

2.  Plaintiff may serve Defendant's ISP with a Rule 45 subpoena to determine the name, address, telephone number, and e-mail address of Defendant to whom the ISP assigned IP address 72.186.77.50 (Dkt. No. 1, Ex. A).  Plaintiff may also serve a Rule 45 subpoena on any other ISP that may be later identified in response to the initial subpoena.

---

[1]The "hit date" reflects the date on which Plaintiff's investigator was able to make a connection with Defendant's IP address to download pieces of Plaintiff's movies from Defendant.

3. Plaintiff shall attach a copy of this Order to any such subpoena, and if the ISP qualifies as a "cable operator" as defined in 47 U.S.C. § 522(5),[2] then this Order shall be considered an appropriate court order under 47 U.S.C. § 551.[3]

4. Any ISP that receives a subpoena pursuant to this Order shall not assess any charge to Plaintiff in advance of providing the information requested in the subpoena; however, an ISP may elect to charge a reasonable amount for the costs of production.

5. Any ISP that receives a subpoena pursuant to this Order shall preserve all subpoenaed information pending the ISP delivering such information to Plaintiff or the final resolution of a motion to quash the subpoena.

6. Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint (Dkt. No. 1).

7. Once the identity of the John Doe Defendant is discovered, Plaintiff must notify the John Doe Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve the John Doe Defendant at least fourteen (14) days prior to seeking an issuance of a summons from the Clerk for the identified John Doe Defendant.

---

[2] "[T]he term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

[3] "A cable operator may disclose [personally identifiable information] if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).

DONE AND ORDERED in Tampa, Florida, this 6th day of May, 2014.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of record